**BALESTRIERE FARIELLO**

JILLIAN L. McNEIL
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-646-912-8463
F: +1-212-208-2613
jillian.mcneil@balestrierefariello.com
www.balestrierefariello.com

August 4, 2014

**VIA ECF**
Charles R. Breyer
Senior District Judge
San Francisco Courthouse
Courtroom 6 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:   *United States of America v. Sprint Communications, Inc.*, (3:14-CV-00962)
>       *United States ex rel Chris Prather v. AT&T, Inc. et al.* (09-CV-02457)

Judge Breyer:

I represent Plaintiff-Relator Chris Prather ("Prather") in the related action, *United States ex rel Chris Prather v. AT&T, Inc. et al.* (09-CV-02457-CRB) (the "Related Action"). I write to provide the Court and the Parties notice that Chris Prather is an interested party in this action, *United States of America v. Sprint Communications, Inc.*, (3:14-CV-00962-CRB) (the "Current Action"), and under the Federal False Claims Act is entitled to "the same rights" in this action as he would have been in the Related Action had the government intervened at the beginning. These rights include recovery of 15-25 percent of any settlement or judgment against the Defendant here.

Prather initiated the Related Action in 2008 when he made his pre-complaint disclosures regarding the misconduct of various telecommunications carriers to federal, state, and local agencies. In May of 2009, Prather filed his *qui tam* complaint under seal against five major telecommunications carriers in the United States, including Sprint Nextel Corporation ("Sprint"), for overcharging the government for wiretapping services. After conducting an investigation into Prather's allegations, the United States government declined to intervene in the Related Action. The Related Action was then unsealed, and Prather continued to litigate it on his own, until this Court dismissed the Related Action on subject matter jurisdiction grounds. Prather is currently appealing this Court's decision in the Related Action in the Ninth Circuit Court of Appeals.

RECEIVED AUG 05 2014

**BALESTRIERE
FARIELLO**

Shortly after the Related Action concluded with this Court's decision denying the defendants' motions for attorneys' fees, the U.S. Attorney's Office for the Northern District of California initiated the Current Action. The Assistant U.S. Attorney who brought the Current Action, Steven Saltiel, actively participated in the Related Action before this same Court. Although the U.S. Attorney's Office declined to intervene in the Related Action then, it is now bringing a nearly identical claim before this Court against Sprint, and is basing its allegations—at least in part—on the information Prather provided, and its subsequent investigation arising from the information Prather provided. The U.S. Attorney's Office's actions amount to an effective intervention by the Federal Government of the United States, and, under Section 3730(c)(5) of the Federal False Claims Act, Prather is entitled to "the same rights" in the Current Action as he would have had in the Related Action had the U.S. Attorney's Office intervened in the Related Action.

Under the Federal False Claims Act, "the Government may elect to pursue its claim through any alternate remedy available to the Government . . . . If any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued." 31 U.S.C. § 3730(c)(5). The Ninth Circuit interprets the language of § 3730(c)(5) broadly, finding that a wide range of "alternate remedies" allow a *qui tam* plaintiff to recover. Specifically, the Ninth Circuit has found that "[t]he language of § 3730(c)(5) places no restrictions on the alternate remedies the government might pursue. It specifies broadly that the government may pursue 'any alternative remedy available to it.'" *U.S. ex rel. Barajas v. United States*, 258 F.3d 1004, 1010-11 (9th Cir. 2001). The Court in *Barajas* further noted that the "term 'any' is generally used to indicate lack of restrictions or limitations on the term modified." *Id.* This is because "the FCA is designed to help fight fraud against the government by encouraging private individuals to come forward with information about fraud that might otherwise remain hidden. The encouragement is provided by giving these individuals a relator's share of *any recovery obtained using the relator's information in an FCA action, or an equivalent.* It is entirely consistent with this purpose to read the 'any alternative remedy' language of § 3730(c)(5) to mean what it says." *Id.* at 1012 (emphasis added).

Here, the U.S. Attorney's Office is plainly pursuing an alternate remedy to the remedies sought in the Related Action, in which it chose not to intervene. Because of this, Prather is now entitled to the same rights which he would have been entitled to had the government intervened in the Related Action. Under 31 U.S.C. § 3730(d), these rights include the receipt of "at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which [Prather] substantially contributed to the prosecution of the action." 31 U.S.C.A. §

2



3730(d).  Therefore, Prather is entitled to 15-25 percent of the proceeds of this action should the government prevail or settle its claims against Sprint, and is consequently an interested party to this action.

Respectfully,

Jillian McNeil

cc:  Attorneys of Record in *United States ex rel Chris Prather v. AT&T, Inc. et al.* (09-CV-02457) (via ECF and email)
Attorneys of Record in *United States of America v. Sprint Communications, Inc.*, (3:14-CV-00962) (via email)

3