1  David J. Miclean (SBN 115098)
2  Anne-Marie D. Dao (SBN 282632)
   **MICLEAN GLEASON LLP**
3  100 Marine Parkway, Suite 310
4  Redwood Shores, CA 94065
   Email: dmiclean@micleangleason.com
5  Telephone: (650) 684-1181
6  Facsimile: (650) 684-1182
   *Attorneys for Intervener-Relator*
7
8  John Balestriere*
   **BALESTRIERE FARIELLO**
9  225 Broadway, 29th Floor
   New York, New York 10007
10 Email: john.balestriere@balestrierefariello.com
11 Telephone: (212) 374-5401
   Facsimile:   (212) 208-2613
12 * *Pro Hac Vice Motion Pending*

13

14            **UNITED STATES DISTRICT COURT**

15          **NORTHERN DISTRICT OF CALIFORNIA**

16

17                                    Case No. 14-cv-00962-CRB

18 **UNITED STATES OF AMERICA**,
                                     **MEMORANDUM OF LAW IN**
                                     **SUPPORT OF PRATHER'S**
19                      Plaintiff,   **MOTION TO INTERVENE**
                                     **FOR LIMITED PURPOSE OF**
                                     **SEEKING AWARD OF**
20          - against –             **RELATOR SHARE**

21

22 **SPRINT COMMUNICATIONS, INC.**,
23 formerly known as **SPRINT NEXTEL**
   **CORPORATION; SPRINT PCS**,
24

25                      Defendants.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT .................................................................................1

STATEMENT OF FACTS ....................................................................................1

APPLICABLE LEGAL STANDARDS .................................................................3

   I.   Intervention as of Right ...........................................................................3

   II. Relator Share Award .................................................................................5

ARGUMENT ..........................................................................................................5

   I.   Prather has a Significantly Protectable Interest in the Current Action as He Is Entitled to 15 to 25 Percent of Any Proceeds Under the False Claims Act .....................................5

   II. Prather's Intervention is Timely ...............................................................7

     A. Prather Has Not Delayed His Intervention, as the Current Action Was Initiated Less than Seven Months Ago and Has Not Passed the Pleadings Stage ...................................8

     B. The Parties Have Known of Prather's Interest in a Potential Government Action Since at Least 2009 and Would Not Be Prejudiced By His Intervention........................9

   III.  Prather's Interests Are Not Adequately Represented by the Parties and His Rights Would Be Impaired By the Current Action's Disposition..................................10

CONCLUSION .......................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alderson v. United States*, 686 F.3d 791 (9th Cir. 2012)................................................................ 9

*Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) .................................. 4

*California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113 (9th Cir. 2002) ........................................................................................................................ 7, 8

Day v. Apoliona, 505 F.3d 963, 965 (9th Cir. 2007)............................................................ 10

*Donnelly v. Glickman,* 159 F.3d 405 (9th Cir.1998) ........................................................... 5

*Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217 (9th Cir. 1995) ................................................................................................................................. 4

*Green v. United States*, 996 F.2d 973 (9th Cir. 1993) ........................................................ 6

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ........................... 8

*Moore v. Verizon Commc'ns Inc.*, C-09-1823 SBA, 2013 WL 450365 (N.D. Cal. Feb. 5, 2013) . 4, 7, 11

*Sierra Club v. EPA*, 995 F.2d 1478 (9th Cir. 1993) ........................................................... 4

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ...................... 4, 5, 11

*U.S. ex rel. Barajas v. United States*, 258 F.3d 1004 (9th Cir. 2001) .................................. 6

*United States v. State of Wash.*, 86 F.3d 1499 (9th Cir. 1996) .......................................... 4

United States v. State of Wash., 86 F.3d 1499, 1504 (9th Cir. 1996) .................................... 10

*United States v. Stringfellow*, 768 F.2d 821 (9th Cir. 1986) .............................................. 4

**Statutes**

31 U.S.C. § 3730(c) ................................................................................................... 1, 3, 5, 6

31 U.S.C. § 3730(d) .......................................................................................................... passim

**Rules**

Fed. R. Civ. P. 24(a)(2)............................................................................................... 1, 3, 5

## SUMMARY OF ARGUMENT

John C. Prather ("Prather") submits this motion to intervene as of right for the limited purpose of reserving his right to seek a relator share award of any recovery by the Plaintiff.[1]  In this action, *United States of America v. Sprint Communications, Inc.*, (3:14-CV-00962-CRB) (the "Current Action"), the U.S. Attorney's Office for the Northern District of California bases its allegations against Defendant Sprint Communications, Inc. ("Sprint") on information provided by Prather before and during the prosecution of his *qui tam* action filed in *United States ex. rel. Chris Prather v. AT&T, Inc. et al.* (09-CV-02457-CRB) (the "Related Action").  Under 31 U.S.C. § 3730(d) and 31 U.S.C. § 3730(c), Prather is entitled to 15-25% of the recovery in the Current Action, and Prather seeks to intervene solely to ensure that a future application for such a relator share award may be heard by this Court.

Prather meets all of the requirements for intervention as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure ("Rule 24(a)(2)").  Prather meets the threshold requirement of demonstrating he has a significantly protectable interest in the current action as his interest is protected under sections 3730(d) and (c) of the Federal False Claims Act (the "FCA"), and because that interest is directly tied to any recovery or settlement in favor of the Plaintiff in the Current Action.  Prather's motion to intervene is timely as it comes only months after the action was initiated, and because his involvement will not prejudice either of the parties to the Current Action.  Finally, neither party to the Current Action represents Prather's interests, and those interests will be extinguished once this action is resolved.  As such, the Court should grant Prather's Motion to Intervene as of Right (the "Motion").

## STATEMENT OF FACTS

Prather initiated the Related Action in 2008 when he made his pre-complaint disclosures regarding the misconduct of several major telecommunications companies,

---

[1] Prather does not seek intervention for any other purpose including for the purpose of litigating a substantive claim or participating in discovery in this action.

1  including Defendant Sprint.  Prather made his disclosures directly to the United States
2  Department of Justice, the United States Attorney's Office for the Northern District of
3  California (federal agencies, collectively the "Federal Government"), and more than a
4  dozen states' governments including California's and New York's (all these governments,
5  the "Governments").    The Governments were, or should have been, aware of the
6  misconduct as early as 1999 when Prather first disclosed to his superiors at the New York
7  Office of the Attorney General ("NYOAG") and the New York Organized Crime Task
8  Force ("NYOCTF") that the telecommunications companies were overcharging for
9  wiretaps, and were certainly made aware after Prather made his initial disclosures to the
10  Governments in 2008.  Prior to initiating the Related Action under seal in 2009, Prather
11  also made disclosures to the Federal Communications Commission ("FCC") in 2004, and
12  state and local Governments in 2008.

13      After years of attempting to get various Governments to take corrective action, in
14  2008, Prather made disclosures to federal, state, and local agencies regarding the
15  misconduct of various telecommunications carriers pursuant to federal, state, and local
16  false claims acts.  After months of discussions with representatives of the Governments,
17  including those in the United States Attorney's Office in the Northern District of
18  California, at the direction of the Governments' lawyers Prather filed his *qui tam* complaint
19  under seal against five major telecommunications carriers in the United States, including
20  Sprint Nextel Corporation ("Sprint"), for overcharging the Governments for wiretapping
21  services, thereby initiating the Related Action in the spring of 2009.  Discussions between
22  Prather and the various Governments' continued over a number of years, and the
23  Governments—again, including the United States Attorney's Office in the Northern
24  District of California—conducted their own investigations into Prather's assertions.  The
25  Governments then either declined to intervene or made no decision on intervention, the
26  Related Action was unsealed, and Prather continued prosecution individually, until this
27  Court dismissed the Related Action on jurisdictional grounds.    The United States
28

1   Attorney's Office in the Northern District of California remained involved in the Related

2   Action throughout its litigation, including attending a deposition, participating in phone

3   calls, and reserving its rights to proceed on the claims against the telecommunications

4   carriers in the event the Related Action was dismissed.

5          Shortly after the Related Action concluded with this Court's decision denying the

6   defendants' motions for attorneys' fees (*see* Related Action Dkt. No. 188 at 9 ("In making

7   its decision [on Defendants' Motions for Attorneys' Fees], the Court did not find the

8   threshold issue of whether Relator constituted an original source to be clear or

9   unequivocal")), the U.S. Attorney's Office for the Northern District of California initiated

10  the Current Action.  *See* Complaint, Dkt. No. 1.  The Assistant U.S. Attorney who brought

11  the Current Action, Steven Saltiel, actively participated in the Related Action before this

12  same Court.  *See, e.g.* United States' Position Regarding Dismissal, dated February 28,

13  2012, Related Action Dkt. No. 72.  Very shortly after the U.S. Attorney's Office initiated

14  the Current Action, this Court *sua sponte* designated the Current Action as a related action

15  to *Prather v. AT&T Inc., et al.*, No. 09-2457, and, pursuant to Local Rule 3-12(a),

16  reassigned the Current Action to itself.  *See* March 4, 2014 Order, Related Action Dkt. No.

17  189.  Although the U.S. Attorney's Office declined to intervene in the Related Action, it is

18  now bringing a nearly identical claim before this Court against Sprint, and is basing its

19  allegations—at least in substantial part—on the information Prather provided, and its

20  subsequent investigation arising from the information Prather provided.

21         The U.S. Attorney's Office's actions amount to an effective intervention by the

22  Federal Government, and, under Section 3730(c)(5) of the Federal False Claims Act,

23  Prather is entitled to "the same rights" in the Current Action as he would have had in the

24  Related Action had the U.S. Attorney's Office intervened in the Related Action.

25                          **APPLICABLE LEGAL STANDARDS**

26          **I.     Intervention as of Right**

27  Prather meets the requirements to intervene as of right under Rule 24(a)(2).  The Ninth

28

1   Circuit "construe[s] Rule 24(a) liberally in favor of potential intervenors." *Southwest*

2   *Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001); *see also United*

3   *States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996) (Fed. R. Civ. P. 24 "is

4   construed broadly in favor of intervention").  In addition to mandating broad construction,

5   the Court's review of a motion to intervene as of right must be "'guided primarily by

6   practical considerations' and not technical distinctions." *Id.* (citing to *United States v.*

7   *Stringfellow*, 768 F.2d 821, 826 (9th Cir. 1986) *vacated on other grounds sub nom.*

8   *Stringfellow v. Concerned Neighbors in Action*, 280 U.S. 370 (1987)).  In order to intervene

9   in an action as of right, "(1) the motion must be timely; (2) the applicant must claim a

10  'significantly protectable' interest relating to the property or transaction which is the subject

11  of the action; (3) the applicant must be so situated that the disposition of the action may as a

12  practical matter impair or impede its ability to protect that interest; and (4) the applicant's

13  interest must be inadequately represented by the parties to the action." *Sierra Club v. EPA*,

14  995 F.2d 1478, 1481 (9th Cir. 1993); *see also Moore v. Verizon Commc'ns Inc.*, C-09-1823

15  SBA, 2013 WL 450365, at *4 (N.D. Cal. Feb. 5, 2013)).  When evaluating a motion to

16  intervene as of right, a district court is required to accept as true the non-conclusory

17  allegations made in support of an intervention motion. *Southwest Ctr. For Biological*

18  *Diversity v. Berg*, 268 F.3d 810, 819-20 (9th Cir. 2001).  A non-party "need not intervene as

19  a full party to the litigation, but may intervene for a limited purpose." *Beckman Industries,*

20  *Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992).  In the context of limited-

21  purpose motions to intervene, as here, the timeliness element involves "1) the stage of the

22  proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3)

23  the reason for and length of the delay." *Empire Blue Cross & Blue Shield v. Janet*

24  *Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995).  Prather meets these

25  requirements and should be allowed to intervene as of right for the limited purpose of

26  seeking a relator share award in the event the Government recovers an award or favorable

27  settlement in the Current Action.

28

4

PRATHER'S MOTION TO INTERVENE FOR LIMITED PURPOSE                    CASE NO. 14-CV-000962-CRB
OF SEEKING AWARD OF RELATOR SHARE

## II.     Relator Share Award

Where, as here, the Federal Government intervenes in a *qui tam* action, "through any alternate remedy available to the Government," the *qui tam* plaintiff shall have the same rights under the FCA in the government action as in the original action.  31 U.S.C. § 3730(c)(5).  Under the FCA, "[i]f the government chooses to conduct the action, the relator will receive at least 15 percent but no more than 25 percent of the proceeds of the action or settlement of the claim . . . . " 31 U.S.C. § 3730(d)(1).

## ARGUMENT

This Court should allow Prather to intervene in the Current Action for the limited purposes of seeking a relator share award as Prather meets all the required elements for intervention as of right under Rule 24(a).  Prather's timely motion seeks to preserve his right under the Federal False Claims Act to recover 15 to 25 percent of the proceeds from this action.  Neither Sprint nor the Federal Government represent Prather's interests in any way—indeed, their lawyers have ignored multiple letters Prather's lawyers have written over the last few months—and disposition of the Current Action without Prather's intervention will deprive him of the rights afforded to him under federal law.  This Court should grant Prather's motion to intervene for the limited purpose of preserving his right to a relator's share award.

### I.     Prather has a Significantly Protectable Interest in the Current Action as He Is Entitled to 15 to 25 Percent of Any Proceeds Under the False Claims Act

Prather's interest in recovery of his relator share award is a significantly protectable interest in the current action as An applicant "has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest relating to the property or transaction that is the subject of the action." *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998); *see also Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("It is generally enough that the interest asserted is protectable under some law, and that there

1   is a relationship between the legally protected interest and the claims at issue") (internal
2   citations omitted).  Whether an "applicant for intervention demonstrates sufficient interest
3   in an action is a practical, threshold inquiry.  No specific legal or equitable interest need be
4   established."  *Green v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).  Prather meets
5   these requirements.

6        First, Prather's interest in the Current Action is protected under Sections 3730(c)(5)
7   and 3730(d) of the Federal False Claims Act (the "FCA").  Under the FCA, "the
8   Government may elect to pursue its claim through any alternate remedy available to the
9   Government . . . .  If any such alternate remedy is pursued in another proceeding, the
10  person initiating the action shall have the same rights in such proceeding as such person
11  would have had if the action had continued."  31 U.S.C. § 3730(c)(5).  The Ninth Circuit
12  interprets the language of § 3730(c)(5) broadly, finding that a wide range of "alternate
13  remedies" allow a *qui tam* plaintiff to recover.  Specifically, the Ninth Circuit has found
14  that "[t]he language of § 3730(c)(5) places no restrictions on the alternate remedies the
15  government might pursue.  It specifies broadly that the government may pursue 'any
16  alternative remedy available to it.'"  *U.S. ex rel. Barajas v. United States*, 258 F.3d 1004,
17  1010-11 (9th Cir. 2001).  The Court in *Barajas* further noted that the "term 'any' is
18  generally used to indicate lack of restrictions or limitations on the term modified."  *Id.*
19  This is because "the FCA is designed to help fight fraud against the government by
20  encouraging private individuals to come forward with information about fraud that might
21  otherwise remain hidden.  The encouragement is provided by giving these individuals a
22  relator's share of *any recovery obtained using the relator's information in an FCA action,*
23  *or an equivalent*.  It is entirely consistent with this purpose to read the 'any alternative
24  remedy' language of § 3730(c)(5) to mean what it says."  *Id.* at 1012 (emphasis added).

25       Here, the U.S. Attorney's Office is plainly pursuing an alternate remedy to the
26  remedies sought in the Related Action, in which it chose not to intervene.  Because of this,
27  Prather is now entitled to the same rights to which he would have been entitled had the
28

1   Federal Government intervened in the Related Action.  Under 31 U.S.C. § 3730(d), these

2   rights include the receipt of "at least 15 percent but not more than 25 percent of the

3   proceeds of the action or settlement of the claim, depending upon the extent to which

4   [Prather] substantially contributed to the prosecution of the action."   31 U.S.C.A. §

5   3730(d).  Therefore, Prather is entitled to 15-25 percent of the proceeds of this action

6   should the Federal Government prevail or settle its claims against Sprint, which is a

7   significantly protectable interest in the Current Action.

8        Second, Prather's legally protected interest in the Federal Government's recovery in

9   this action is the very subject of the action.  Prather moves to intervene for the limited

10  purpose of asserting his rights as a relator to a share in the recovery of the Federal

11  Government.  The Federal Government's recovery of its money lost to Sprint is the very

12  subject of the Current Action.  *See* Complaint, Dkt. No. 1 ¶¶ 44-45.  There is, thus, a direct

13  link between Prather's interest in the action (his relator's share of any recovery) and the

14  very claims at issue here.  As such, the Court should grant Prather's motion to intervene for

15  the limited purpose of seeking a share in the recovery.

16                **II.    Prather's Intervention is Timely**

17       Prather's motion for limited intervention is timely as the Current Action is still in the

18  early stages of litigation, the pleadings have not yet been settled, and Prather began to seek

19  intervention as soon as he became aware that his relator's interest in the money owed to the

20  Federal Government could be adversely affected by the ongoing settlement discussions in

21  this action. A party seeking to intervene must act "as soon as he knows or has reason to

22  know that his interests might be adversely affected by the outcome of the litigation."

23  *California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309

24  F.3d 1113, 1120 (9th Cir. 2002).  "To determine whether a motion to intervene is timely,

25  courts consider the following three factors: (1) the stage of the proceeding at which an

26  applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for

27  and length of delay."  *Moore*, C-09-1823 SBA, 2013 WL 450365, at *5 (citing to

28

7

1    *California Dept. of Toxic Substances Control*, 309 F.3d at 1119).   Prather seeks to

2    intervene before the parties have engaged in any discovery, before the filing of any answer,

3    and after months of corresponding with the parties and the Court in order to make plain his

4    interest in the Current Action.   There has simply been no delay, and the Parties will not be

5    prejudiced by his intervention, warranting the granting of Prather's motion to intervene as

6    of right.

7          **A. Prather Has Not Delayed His Intervention, as the Current**
              **Action Was Initiated Less than Seven Months Ago and Has**
8             **Not Passed the Pleadings Stage**

9         Prather has not delayed in seeking intervention as of right.   "The crucial date in

10   assessing the timeliness of an intervention motion is the date that the applicant should have

11   been aware its interests would no longer be protected adequately by the parties."   *League of*

12   *United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997).   The United

13   States initiated the Current Action on March 3, 2014, alleging that Sprint had submitted

14   fraudulent claims for payments associated with the costs of wiretapping.   On March 4,

15   2014, the Current Action was *sua sponte* reassigned to Judge Breyer pursuant to Local

16   Rule 3-12(a), as this Court acknowledged the Current Action's relationship to the Related

17   Action.

18        Pursuant to an April 16, 2014 stipulation between the Parties concerning scheduling

19   (Dkt. No. 20), Sprint filed its Motion to Dismiss on May 9, 2014 (Dkt. No. 27), and its

20   motion was heard by this Court July 11, 2014.   At that time, the Court did not issue a

21   substantive decision concerning the Motion to Dismiss, but instead referred the case to

22   mediation.   *See* July 11, 2014 Order, Dkt. No. 31.   Less than a month later, on August 4,

23   2014, when it became clear that the Parties were actively engaged in settlement discussions

24   that could adversely affect Prather's interests, Prather wrote the parties and the Court

25   outlining his interest in any recovery pursuant to the FCA.   *See* August 4, 2014 Letter to

26   Judge Breyer, Dkt. No. 35; Related Action Dkt. No. 190.   The Parties were again notified

27   via letter of Prather's interest in the Current Action on August 21, 2014.   *See* August 21,

28

2014 Letter to Magistrate Judge Corley, Related Action Dkt. No. 191.[2]  Neither the Federal Government nor Sprint provided any response to those letters, leading Prather to now seek intervention as of right in order to protect his interests in a relator's share award.  This application is sufficiently timely.

## B. The Parties Have Known of Prather's Interest in a Potential Government Action Since at Least 2009 and Would Not Be Prejudiced By His Intervention

The Parties have known of Prather's interest in a potential Government action for years, have recently been twice notified of Prather's intention to assert his right to a relator share award, and would consequently not be prejudiced by his limited intervention at this early stage of the proceedings.  After Prather filed his *qui tam* complaint under seal in 2009, the U.S. Attorney's Office for the Northern District of California conducted an investigation into Prather's allegations.  The Assistant U.S. Attorney bringing the Current Action, Saltiel, is unquestionably aware of Prather's interest in the Current Action (or any other action based on the telecommunication overcharges), as Saltiel actively participated in the investigation undertaken by U.S. Attorney's Office after Prather made his disclosures to the Federal Government.  At that time, the Federal Government declined to intervene, but now brings a nearly identical claim before this Court against Sprint, which was also a defendant in the Related Action.  In bringing this claim, the U.S. Attorney's Office should have known that, under the Federal False Claims Act, Prather would be "entitled to receive between fifteen and twenty-five percent of the recovery, plus fees and costs." *Alderson v. United States*, 686 F.3d 791, 795 (9th Cir. 2012) (discussing the rights of a relator under 31 U.S.C. § 3730(d)(1)).  As a party to the Related Action, Sprint also should have been aware of this fact.

Even if the Parties' participation in the Related Action did not sufficiently notify them of Prather's interest in the Current Action, which it should have, in August 2014, the

---

[2] On September 3, 2014, Magistrate Judge Corley called Jillian McNeil, counsel for Prather in the Related Action, and informed counsel for Prather that she would not allow Prather to participate in the settlement discussions, but that she took no position as to his substantive argument.

Parties were twice notified of Prather's right to a relator share award under 31 U.S.C. § 3730(d)(1).  On August 4, 2014 and August 21, 2014, Prather filed letters reserving his right to 15 to 25 percent of any proceeds from the Current Action (the Related Action, 09-CV-02457-CRB, Dkt. Nos. 190, 191).

In addition to the sufficient notice of Prather's interest detailed above, the Parties would not be prejudiced by Prather's limited intervention as Prather's intervention will cause no delay or raise any new issues.  "[P]rejudice to a party exists when relief from longstanding inequities is delayed . . . ."  Day v. Apoliona, 505 F.3d 963, 965 (9th Cir. 2007) (determining that litigants would not be prejudiced by intervention due to delay, as intervener would not introduce any new issues into the litigation); see also United States v. State of Wash., 86 F.3d 1499, 1504 (9th Cir. 1996) (denying motion to intervene partially "because intervention would complicate the issues and prolong the litigation.").  Because he seeks only to assert those rights which he would have had had the Federal Government intervened in the Related Action, and because those rights are limited to Prather's recovery of a share of the award, Prather's intervention will not entail any additional discovery (which has not even commenced), pleadings, or undue motion practice in an action less than a year old.  Prather would not have had any control over the Government's decisions, likely would not have been able to participate in settlement negotiations, or conduct his own independent discovery had the Government intervened in the Related Action.  He will not seek to do so here.  Neither party will be prejudiced by the granting of this application.

### III. Prather's Interests Are Not Adequately Represented by the Parties and His Rights Would Be Impaired By the Current Action's Disposition

Prather meets the remaining two requirements for a motion to intervene as of right: his interests are not adequately represented by either party, and his rights to share in any recovery by the Federal Government will be impaired in the event the Current Action is concluded.  "In determining whether a proposed intervenor's interests would be adequately represented by an existing party, the Court considers: (1) whether the interest of a present

10

1  party is such that it will undoubtedly make all of the intervenor's arguments; (2) whether
2  the present party is capable and willing to make such arguments; and (3) whether the
3  would-be intervenor would offer any necessary elements to the proceedings that other
4  parties would neglect." *Moore*, C 09-1823 SBA, 2013 WL 450365 at *5. C 822. "The
5  burden of showing inadequacy is minimal, and the applicant need only show that
6  representation of its interests by existing parties "may be" inadequate." *Berg,* 268 F.3d at
7  823.

8       Here, Defendant Sprint, who is also a Defendant in the Related Action, is directly
9  opposed to Prather and is neither capable or willing to make any arguments in Prather's
10 favor.  The Federal Government is similarly unwilling to make the argument that Prather is
11 entitled to a portion of the recovery as such a recovery will decrease the award to the
12 Federal Government by 15-25%, and as no one from the Federal Government has
13 responded to Prather's letters.  Thus, neither Party will adequately represent Prather's
14 interests before this Court.  Further, if the Current Action is resolved without allowing
15 Prather to assert his rights to a relator's share of the recovery, Prather will lose the benefit
16 conferred to him in exchange for bringing the information which led to this action to the
17 Federal Government.  Specifically, in the event of settlement, Prather will have no
18 opportunity to assert his rights to a share of the Government's recovery, and, with the
19 confidentiality provisions which typically accompany settlements, will not even have the
20 knowledge necessary to pursue his relator's share through any other avenue (if it in fact
21 exists.  Prather's interests are not being protected by any present party and a resolution of
22 the Current Action will impair his rights, warranting the Motion to Intervene being granted.

23                                    **<u>CONCLUSION</u>**

24      For the reasons stated herein, this Court should grant Prather's motion to intervene
25 as of right for the limited purpose of moving to recover his relator's share of any award or
26 settlement.

27

28

DATE:  September 29, 2014

/s/ Anne-Marie D. Dao

David J. Miclean (SBN 115098)
Anne-Marie D. Dao (SBN 282632)
**MICLEAN GLEASON LLP**
100 Marine Parkway, Suite 310
Redwood Shores, CA 94065
Email: dmiclean@micleangleason.com
Telephone: (650) 684-1181
*Attorneys for Intervener-Relator*

John Balestriere*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Email: john.balestriere@balestrierefariello.com
Telephone: (212) 374-5401
*\* Pro Hac Vice Motion Pending*

12