1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2
   ALEX G. TSE (CSBN 152348)
3  Chief, Civil Division

4  STEVEN J. SALTIEL (CSBN 202292)
   KIMBERLY FRIDAY (MABN 660544)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-6996
        FAX: (415) 436-6748
8       steven.saltiel@usdoj.gov

9  Attorneys for Plaintiff

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

14 UNITED STATES OF AMERICA,              ) Case No. C 14-00962 CRB
                                          )
15         Plaintiff,                     ) **UNITED STATES' MEMORANDUM IN
                                          ) OPPOSITION TO PRATHER'S MOTION TO
16      v.                                ) INTERVENE FOR LIMITED PURPOSE OF
                                          ) SEEKING AWARD OF RELATOR SHARE**
17 SPRINT COMMUNICATIONS, INC.,           )
   formerly known as SPRINT NEXTEL        ) Hearing Date: November 14, 2014
18 CORPORATION; SPRINT PCS,               )
                                          ) Time: 10:00 a.m.
19         Defendants.                    )
                                          ) Courtroom 8, 17th Floor
20                                        )
                                          )
21

22                              **INTRODUCTION**

23      The United States hereby submits its opposition to John C. Prather's ("Prather") Motion to

24 Intervene for the Limited Purpose of Seeking Award of Relator Share (Docket # 42). Prather, the relator

25 in a *qui tam* action brought under the False Claims Act ("FCA") against Sprint Communications, Inc.

26 ("Sprint") and other telecommunications carriers, moves to intervene as of right pursuant to Rule 24(a)

27 of the Federal Rules of Civil Procedure. Prather argues that he has an interest in the above-captioned

28
   OPPOSITION TO MOTION TO INTERVENE
   CASE NO. C 14-00962 CRB
                                          2

civil action because the Government is pursuing an "alternate remedy" in which he is entitled to assert the same rights as he would have had the Government intervened in the *qui tam*. 31 U.S.C. § 3730(c)(5). As discussed below, even if this case was an "alternate remedy," Prather would not be entitled to a share of that remedy because his claims were jurisdictionally barred. U.S. ex rel. Newell v. City of St. Paul, Minnesota, 728 F. 3d 791, 799 (8th Cir. 2013). Because Prather was not the original source of the broad, speculative, and publically disclosed allegations raised in his *qui tam*, he has no standing to assert a claim for a share of the Government's recovery against Sprint. Therefore, he has no significant protectable interest in this case.

## PROCEDURAL HISTORY

On June 3, 2009, Prather filed a complaint under seal pursuant to the *qui tam* provisions of the False Claims Act (31 U.S.C. §§ 3730(b), (c), (d), and (e)), naming as defendants several telecommunications companies, including Sprint. *See* Prather v. AT&T, Inc., *et al.*, N.D. Cal. Case No. CV 09-02457 CRB ("Prather *Qui Tam*"). Prather generally alleged that the defendants defrauded law enforcement agencies by overcharging for electronic surveillance services. Prather v. AT&T, Inc., 996 F. Supp. 2d 861, 863 (N.D. Cal. 2013). On July 11, 2011, the United States notified the Court that it was electing not to intervene in the *qui tam* action. Prather *Qui Tam*, Docket # 15.

On April 20, 2012, the Court granted the defendants' motion to dismiss the complaint with leave to amend. Prather *Qui Tam*, Docket # 80. On July 18, 2012, Prather filed an Amended Complaint. Prather *Qui Tam*, Docket # 86. On November 5, 2013, the Court issued an order granting the defendants' motion to dismiss the amended complaint with prejudice. Prather *Qui Tam*, Docket # 159. The Court held that it lacked subject matter jurisdiction over Prather's claims under the FCA's public disclosure bar (31 U.S.C. § 3730(e)(4)) because he is not an "original source" of his allegations. Prather, 996 F. Supp. 2d at 867-871. First, the Court concluded that Prather did not demonstrate direct knowledge of fraud. Id. at 867-68. Noting that Prather's knowledge consisted of his review of less than ten invoices over more than a nine-year period, from which he could not recall the carriers associated with the invoices, the services covered, or how they compared to the published rates at the time, and further that Prather by his own admission "had no knowledge of Defendants' internal costs for the

services provided and could only speculate about what they might have been," the Court aptly concluded that Prather's allegations were "based on little more than conjecture"Id.  Second, the Court found that any prior disclosure of fraud to the Government was not voluntary.  Id. at 869-70 (noting that "[r]ewarding Relator for providing information in response to the FCC's inquiry is plainly outside the intent of the FCA").  Finally, the Court concluded that Prather did not have a hand in the original public disclosure of his allegations, as required by the Ninth Circuit, as the Joint Petition for Expedited Rulemaking filed by the Department of Justice, Federal Bureau of Investigation, and Drug Enforcement Agency with the Federal Communications Commission occurred prior to Prather's disclosure.  Id. at 871.

On December 4, 2013, Prather appealed to the U.S. Court of Appeals for the Ninth Circuit. Prather *Qui Tam*, Docket # 174.  Prather's appeal is fully briefed and pending before the Ninth Circuit.

## ARGUMENT

### PRATHER HAS NO SIGNIFICANT PROTECTABLE INTEREST IN THIS ACTION.

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides:

> (a) **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Prather bears the burden to show that: (1) his motion is timely; (2) he has a "significantly protectable" interest relating to the property or transaction which is the subject of the case; (3) he is so situated that the disposition of the matter may as a practical matter impair or impede his ability to protect that interest; and (4) he interest is inadequately represented by the parties.  Freedom From Religion Foundation, Inc. v. Geithner, 644 F. 3d 836, 841 (9th Cir. 2011).

Prather argues that he has an interest under 31 U.S.C. §§ 3730(c)(5) and 3730(d) on the theory that the United States is pursuing an "alternate remedy" in this case.  *See* Docket # 42 at 6:6-7:15.  31 U.S.C. § 3730(c)(5) provides, in pertinent part:

OPPOSITION TO MOTION TO INTERVENE
CASE NO. C 14-00962 CRB

4

> Notwithstanding subsection (b) [concerning the procedures in *qui tam* actions], the Government may elect to pursue its claim though any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty. If such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section.

Prather argues that he is entitled the same rights to which he was entitled had the Government intervened in his *qui tam* action, that is, 15% to 25% of the proceeds of this action pursuant to 31 U.S.C. § 3730(d)(1). *See* Docket # 42 at 6:25-7:7. Even if the relief that the United States seeks in this action is considered an "alternate remedy" within the meaning of 31 U.S.C. § 3730(c)(5), Prather would not be entitled to a share of that remedy because his FCA claims were subject to dismissal under the public disclosure bar. U.S. ex rel. Newell v. City of St. Paul, Minnesota, 728 F. 3d 791, 799 (8th Cir. 2013); U.S. ex rel. Merena v. Smithkline Beecham Corp., 205 F. 3d 97, 106 (3rd Cir. 2000). See also U.S. ex rel. Hefner v. Hackensack University Medical Center, 495 F. 3d 103, 111-12 (3rd Cir. 2007) (relator not entitled to a share of alternate remedy when *qui tam* is invalid for failing to present evidence of scienter); U.S. ex rel. Bledsoe v. Community Health Systems, Inc., 501 F. 3d 493, 522-23 (6th Cir. 2007) (relator cannot recover settlement proceeds because he failed to allege a valid *qui tam* action that overlaps with conduct covered by settlement agreement); Donald v. University of California Board of Regents, 329 F. 3d 1040, 1044 (9th Cir. 2003) (Supreme Court's holding that a private party may not bring a *qui tam* against a state entity under the FCA forecloses the relator's claim to a share of the proceeds of the Government's settlement with the University).

In Newell, the relator filed a *qui tam* action under the FCA alleging that the City of St. Paul, Minnesota fraudulently obtained grants from the Department of Housing and Urban Development. 728 F.3d at 794. After the government declined to intervene, the court granted the City's motion to dismiss, concluding that the court lacked subject matter jurisdiction because the relator was not an original source of fraud allegations that were based on publicly disclosed information. Id. The relator then filed

OPPOSITION TO MOTION TO INTERVENE
CASE NO. C 14-00962 CRB

5

a motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure to allow him to claim a share of an alternate remedy in the form of a "secret settlement" between the Government and the City. Id. at 798. In affirming the denial of the Rule 60(b) motion, the Court of Appeals held that, even if the Government did obtain an alternate remedy, the relator was not entitled to a share of that remedy because his FCA claims were subject to dismissal under the public disclosure bar. Id. at 799-800.

Like the relator in Newell, Prather's FCA claim is jurisdictionally barred. He has no right to share in proceeds that he alleges are attributable to that claim. In contrast to Prather's unsupported claim that the United States based its allegations against Sprint on information that he provided, this Court has found that Prather's observations of increased prices for electronic surveillance do not amount to direct knowledge of fraud, and that his allegations were based on "little more than conjecture." Prather, 996 F. Supp. 2d at 867-68.[1] Congress did not intend to create a windfall of 15% to 25% of a recovery for relators, like Prather, whose claim is subject to dismissal under 31 U.S.C. § 3730(e)(4). Merena, 205 F. 3d at 105.[2]

Prather cites no cases, and we are aware of none, in which a relator subject to the public disclosure bar was nevertheless entitled to a share of the Government's "alternate remedy." Prather's reliance on U.S. ex rel. Barajas v. United States, 258 F. 3d 1004 (9th Cir. 2001) is misplaced. In Barajas, the Ninth Circuit held that a suspension and debarment proceeding can, in some circumstances, be an

---

[1] Notably, Prather, by his own admission, "had no knowledge of Defendants' internal costs for the services provided and could only speculate about what they might have been," leading the Court to conclude that Prather "lacks the information necessary to evaluate whether Defendants' charges were reasonable or not." Prather, 996 F. Supp. 2d at 868. Under these circumstances, it strains credulity for Prather to argue that the Government's complaint – which premises Sprint's liability upon its inclusion of the unallowable costs of financing CALEA modifications in its charges – is based upon knowledge Prather supplied.

[2] Prather claims that he is entitled to 15% to 25% of the Government's proceeds in this action. Docket # 42 at 7:2-7. The FCA does provide for an award of 0 to 10% where the action is based on publicly disclosed information other than that provided by the relator, but this provision applies to original sources only. 31 U.S.C. § 3730(d)(1); Federal Recovery Services v. U.S., 72 F 3d 447, 452 (5th Cir. 1995)

OPPOSITION TO MOTION TO INTERVENE
CASE NO. C 14-00962 CRB

6

"alternate remedy" under 31 U.S.C. § 3730(c)(5). Id. at 1012. The Court further held that the value of the "proceeds" of an agreement reached in those proceedings is the amount the Government would have had to pay to the contractor to cure the problem that the contractor agreed to cure. Id. at 1013. Barajas held only that a relator "has a right to recover a share of the proceeds of the 'alternate remedy' to the *same degree that he or she would have been entitled to a share of the proceeds of an FCA action."* Id. at 1010 (emphasis added). The Court did not hold that a relator is entitled to recover a share of the proceeds of an alternate remedy where his own FCA claim is jurisdictionally barred. To the contrary, the Ninth Circuit declined to so extend Barajas when given the opportunity to do so. See Donald, 329 F.3d at 1043 n.5 ("Barajas, therefore, does not lend support to the much broader proposition urged by the relators that private parties may recover proceeds procured by the government in a FCA action or settlement to which they have no entitlement under § 3729(a).").

Because Prather has no right to receive a share of the recovery in this action, he has no significant protectable interest in the outcome of this case. His motion to intervene should therefore be denied.

## CONCLUSION

Based on the foregoing, Prather's Motion to Intervene for the Limited Purpose of Seeking Award of Relator Share should be denied.

DATED: October 14, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

 */s/ Steven J. Saltiel*
STEVEN J. SALTIEL
KIMBERLY FRIDAY
Assistant United States Attorneys

OPPOSITION TO MOTION TO INTERVENE
CASE NO. C 14-00962 CRB