Edward C. Barnidge (pro hac vice)
  ebarnidge@wc.com
Benjamin M. Stoll (pro hac vice)
  bstoll@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029

David F. Taylor (Bar No. 129654)
  dftaylor@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joshua A. Reiten (Bar No. 238985)
  jreiten@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendants
Sprint Communications, Inc. and
Sprint Spectrum L.P., d/b/a Sprint PCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SPRINT COMMUNICATIONS, INC., formerly known as SPRINT NEXTEL CORPORATION; SPRINT PCS,<br><br>    Defendants. | Case No. 3:14-cv-00962-CRB<br><br>SPRINT'S OPPOSITION TO PRATHER'S MOTION TO INTERVENE FOR LIMITED PURPOSE OF SEEKING AWARD OF RELATOR SHARE<br><br>Date:         November 14, 2014<br>Time:        10:00 am<br>Courtroom:  6, 17th Floor<br>Judge:       The Hon. Charles R. Breyer |

As a prerequisite to intervention under Federal Rule of Civil Procedure 24(a)(2), the movant must show a significant protectable interest in the lawsuit. John C. Prather ("Prather") has no such interest here. Prather claims that he is entitled to a relator's share of any recovery obtained by the United States, but a relator is entitled to such a share only if he brought a ***valid qui tam*** action. Prather did not. This Court held that Prather was not an original source and dismissed his suit for lack of subject matter jurisdiction. Because Prather did not bring a valid *qui tam* action, he has no significant protectable interest in this lawsuit and cannot intervene.

## FACTUAL BACKGROUND

Prather filed his action under the False Claims Act ("FCA") in June 2009. Complaint, *United States ex rel. Prather v. AT&T Inc.*, 996 F. Supp. 2d 861 (N.D. Cal. June 3, 2009) (No. 3:09-cv-02457-CRB), ECF No. 1. As amended in 2012, his complaint accused the nation's leading telecommunication carriers ("telecoms") of knowingly charging unreasonably high rates for electronic surveillance services in violation of certain federal laws. Amended Complaint ¶¶ 63–67, *United States ex rel. Prather v. AT&T Inc.*, 996 F. Supp. 2d 861 (N.D. Cal. July 18, 2012) (No. 3:09-cv-02457-CRB), ECF No. 86 ("Prather Am. Compl."). Prather alleged that the telecoms committed the violations by charging "enormously more than what Defendants could ever hope to charge for similar services in an open, competitive market." Prather Am. Compl. ¶ 5. After dismissing Prather's original Complaint with leave to amend and refile, this Court permitted the telecoms to conduct jurisdictional discovery, including a deposition of Prather himself. Order Regarding Jurisdictional Discovery and Briefing Schedule at 1, *United States ex rel. Prather v. AT&T Inc.*, 996 F. Supp. 2d 861 (N.D. Cal. Oct. 9, 2012) (No. 3:09-cv-02457-CRB), ECF No. 99.

On November 5, 2013, following jurisdictional discovery, this Court entered final judgment against Prather on his FCA claims due to lack of subject matter jurisdiction. Order Granting Defendants' Motion to Dismiss Amended Complaint at 6, *United States ex rel. Prather v. AT&T Inc.*, 996 F. Supp. 2d 861 (N.D. Cal. Nov. 5, 2013) (No. 3:09-cv-02457-CRB), ECF No. 159 ("Dismissal Order"). Finding that Prather's allegations were "little more than conjecture," *id.*

at 8–9, the Court held that Prather was "not an original source of the information" underlying his overcharge allegation for three independent reasons, *id.* at 6.  First, Prather did not have direct knowledge of any fraud and lacked "the information necessary to evaluate whether Defendants' charges were reasonable or not." *Id.* at 7–9.  Second, Prather did not disclose his information to the government voluntarily, and, in fact, "did just the opposite," by disclosing no information at all until his supervisor, Susanna Zwerling, asked him to file an affidavit supporting the Attorney General's response to an FCC request for comment.  *Id.* at 9–12.  Third, Prather did not have a hand in the public disclosures on which he relied "because the DOJ published substantially similar allegations before Relator submitted his affidavit." *Id.* at 12–13.  The Court concluded that rewarding him would be "plainly outside the intent of the FCA." *Id.* at 11.

On March 3, 2014, the United States filed its own FCA lawsuit.  Compl., ECF No. 1.  Prather now seeks to intervene in this suit, which he alleges constitutes an "alternate remedy" to his own previously dismissed *qui tam* suit.  Mem. of Law in Supp. of Prather's Mot. to Intervene for Limited Purpose of Seeking Award of Relator Share 6, ECF No. 41 ("Mot. to Intervene").[1]

## ARGUMENT

Under Federal Rule of Civil Procedure 24(a)(2), Prather must satisfy four requirements to intervene of right in this action:  (1) he must file a timely application; (2) he must have a "significant protectable interest" in this action; (3) this action must threaten to impair this "significant protectable interest"; and (4) this "significant protectable interest" must be inadequately represented by the existing parties in the action.  *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  "Failure to satisfy any one of the[se] requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).  Prather bears the burden of establishing that he satisfies all four requirements.  *Id.*

---

[1] Whereas Prather previously demanded to Magistrate Judge Jacqueline Scott Corley that he "should be represented in any settlement discussions," Notice of Interested Party at 3, *United States ex rel. Prather v. AT&T Inc.*, 996 F. Supp. 2d 861 (N.D. Cal. Aug. 21, 2014) (No. 3:09-cv-02457-CRB), ECF No. 191, he now claims he does not seek any such participation, Mot. to Intervene 10.

A "significant protectable interest" is a prerequisite for three of the four requirements for intervention under Rule 24(a)(2). Prather claims only one significant protectable interest in this action: a right to a relator share of any proceeds obtained by the government. Mot. to Intervene 5. He has no such interest. As established by controlling case law, which Prather fails to cite, the dismissal of his *qui tam* action for lack of subject matter jurisdiction makes him ineligible for a relator share of any FCA-related proceeds. Without any significant protectable interest in this case, Prather cannot intervene.

"[A] threshold requirement for a relator's ability to share in the proceeds of a FCA lawsuit is to file a ***valid*** *qui tam* action." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 650 (6th Cir. 2003) (emphasis added). The failure to bring a valid *qui tam* action forecloses a relator's "claim to a share of the proceeds" obtained by the government. *Donald v. Univ. of Cal. Bd. of Regents*, 329 F.3d 1040, 1044 (9th Cir. 2003); *see also United States ex rel. Hefner v. Hackensack Univ. Med. Ctr.*, 495 F.3d 103, 112 (3d Cir. 2007) ("Like the Sixth Circuit, the Court of Appeals for the Ninth Circuit has recognized that a valid *qui tam* action is a prerequisite to a relator's right to recover."). "The [FCA] evinces no intent to compensate relators who bring unfounded [FCA] claims, whether the claims are legally or factually unfounded." *Hefner*, 495 F.3d at 112. Thus, where, as here, a relator's *qui tam* action is barred by the public disclosure bar, the relator cannot share in any proceeds relating to that claim. *Donald*, 329 F.3d at 1044 n.5 ("'[A] relator whose claim is subject to dismissal under section 3730(e)(4) [the public disclosure bar] may not receive any share of the proceeds attributable to that claim.'" (quoting *United States ex rel. Merena v. SmithKline Beecham Corp.*, 205 F.3d 97, 106 (3d Cir. 2000))).

A valid *qui tam* action is a threshold requirement regardless of whether the government obtains its proceeds (if any) by intervening in the relator's *qui tam* action or instead obtaining an "alternate remedy" under 31 U.S.C. § 3730(c)(5).[2] *United States ex rel. Newell v. City of St.*

---

[2] An "alternate remedy" is any proceeding or negotiation initiated by the government as "an alternative to intervening in a qui tam action." *Bledsoe*, 342 F.3d at 648. Prather alleges that the government's FCA suit here constitutes an "alternate remedy" to his own because the allegations in the two suits are "nearly identical." Mot. to Intervene 6. Because Prather lacks any significant protectable interest, the Court need

-3-

1   *Paul*, 728 F.3d 791,798–99 (8th Cir. 2013) ("[E]ven if the government pursued and obtained an
2   'alternate remedy,' [the relator] would not be entitled to a share of that remedy because his FCA
3   claims were subject to dismissal under the public disclosure bar. . . . [I]t is immaterial that the
4   government obtained an alternate remedy and declined to intervene before the City raised the
5   public disclosure bar." (emphasis omitted)), *cert. denied*, 134 S. Ct. 1284 (2014); *see also*
6   *Merena*, 205 F.3d at 106 (denying relator's right to any share of settlement proceeds resulting
7   from government intervention in his *qui tam* action because he was not original source).  Where
8   the government chooses to pursue an alternate remedy rather than intervene in a relator's *qui tam*
9   action, "the relator has a right to recover a share of the proceeds of the 'alternate remedy' **to the**
10  **same degree** that he or she would have been entitled to a share of the proceeds of [his or her]
11  FCA action." *United States ex rel. Barajas v. United States*, 258 F.3d 1004, 1010 (9th Cir. 2001).
12  Because Prather brought an invalid *qui tam* action and was entitled to no recovery from that
13  action, he has no right to a share of any recovery obtained from an alternate remedy either.  *See*
14  *Hefner*, 495 F.3d at 112 ("[A] relator is not entitled to a share in the proceeds of an alternate
15  remedy when the relator's *qui tam* action under § 3729 is invalid.").

16          Prather cites *Alderson v. United States*, 686 F.3d 791 (9th Cir. 2012), for the proposition
17  that he is entitled to a 15% to 25% share of any recovery obtained by the government.  *Id.* at 795.
18  However, *Alderson* is inapposite because it involved a relator who brought a **valid** *qui tam* action,
19  over which the Court had subject-matter jurisdiction.  *Id.* at 792–93.  *Alderson*, a tax case, in no
20  way contradicts the rule in the Ninth Circuit, as well as other circuits, that relators who bring
21  unfounded *qui tam* actions may not share in any recovery related to their allegations.  *Hefner*, 495
22  F.3d at 112.  For example, in *Donald v. University of California Board of Regents*, a pair of
23  relators brought a *qui tam* action against the University of California's teaching hospitals alleging
24  that they fraudulently billed government health insurance programs for services rendered by
25  interns and residents as if they were faculty physicians.  329 F.3d at 1042–44.  After the

---

27  not address his "alternate remedy" allegation.  *See generally United States ex rel. LaCorte v. Wagner*, 185
    F.3d 188, 192 (4th Cir. 1999) ("To the extent that these claims are unrelated to [relators'] earlier action,
28  they have no rights because they are not bona fide relators with respect to those claims.").

1 government intervened and obtained a settlement, the relators moved for a relator share, but the
2 government opposed on the ground that the relators' action was invalid because private parties
3 may not sue state agencies under the FCA. *Id.* The Ninth Circuit agreed that the relators' *qui tam*
4 action was invalid and therefore that the relators were not entitled to any proceeds from the
5 settlement. *Id.* Similarly, the Third Circuit held in *United States ex rel. Hefner v. Hackensack*
6 *University Medical Center* that a relator whose *qui tam* action was dismissed on summary
7 judgment was not entitled to a relator share of the recovery later obtained by the government
8 through an alternate remedy. 495 F.3d at 111–12.

9 Since Prather is not entitled to a share of any proceeds from this action, he lacks the only
10 significant protectable interest he claims in this action. As Prather concedes, a relator has a
11 "legally protect[able] interest" in an action only if the interest "is protected under some law."
12 *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The interest Prather claims is not
13 protected by the FCA (the only law he invokes); to the contrary, it is specifically barred by the
14 FCA. *Hefner*, 495 F.3d at 112. Prather's reference to *Greene v. United States*, 996 F.2d 973 (9th
15 Cir. 1993), for the proposition that "[n]o specific legal or equitable interest need be established" is
16 unavailing. *Id.* at 976. Subsequent Ninth Circuit cases have clarified that this statement simply
17 means that Rule 24(a) does not require a ***particular type*** of legal interest (such as a legal interest
18 protected by the law at issue in the suit) and that any legal interest will do. *See, e.g.*, *Wilderness*
19 *Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1178–79 (9th Cir. 2011). It is still the case that the
20 interest must be "protectable under some law." *Id.* at 1179. In fact, the *Greene* Court itself
21 specified that "[a]n economic stake in the outcome of the litigation, even if significant, is not
22 enough" for a significant protectable interest. 996 F.2d at 976. Because the interest Prather
23 claims is not protected by any law and, in fact, is specifically disallowed by the FCA, it does not
24 qualify as a "significant protectable interest."

25 With no significant protectable interest in this lawsuit, Prather does not satisfy one of the
26 fundamental prerequisites for intervention of right. *See Perry v. Schwarzenegger*, 630 F.3d 898,

903 (9th Cir. 2011) (denying intervention of right where movant lacked significant protectable interest); *Donnelly*, 159 F.3d at 409–11 (same). As a result, he may not intervene here.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that Prather's motion to intervene be denied.

DATED: October 14, 2014                    **WILLIAMS & CONNOLLY LLP**

By: */s/ Edward C. Barnidge*
    Edward C. Barnidge (*pro hac vice*)

Attorneys for Defendants Sprint
Communications, Inc. and
Sprint Spectrum L.P., dba Sprint PCS

DATED: October 14, 2014                    PERKINS COIE LLP

By: */s/ David F. Taylor*
    David F. Taylor, Bar No. 129654

Attorneys for Defendants Sprint
Communications, Inc. and
Sprint Spectrum L.P., dba Sprint PCS

**ATTESTATION UNDER U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, CIVIL LOCAL RULE 5-1**

I attest that I have the authorization of all counsel identified herein to submit this Sprint's Opposition to Prather's Motion to Intervene for Limited Purpose of Seeking Award of Relator Share.

By: */s/ Edward C. Barnidge*
    Edward C. Barnidge (*pro hac vice*)

Attorney for Defendants
Sprint Communications, Inc. and
Sprint Spectrum L.P., d/b/a Sprint PCS