Edward C. Barnidge (pro hac vice)
ebarnidge@wc.com
Benjamin M. Stoll (pro hac vice)
bstoll@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  202.434.5000
Facsimile:  202.434.5029

David F. Taylor (Bar No. 129654)
dftaylor@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joshua A. Reiten (Bar No. 238985)
jreiten@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: 415.344.7000
Facsimile: 415.344.7050

*Attorneys for Defendants*

Melinda Haag (CSBN 132612)
United States Attorney

Alex G. Tse (CSBN 152348)
Chief, Civil Division

Steven J. Saltiel (CSBN 202292)
steven.saltiel@usdoj.gov
Kimberly Friday (MABN 660544)
kimberly.friday@usdoj.gov
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone:  415.436.6996
Facsimile:  415.436.6748

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT COMMUNICATIONS, INC., formerly known as SPRINT NEXTEL CORPORATION; SPRINT PCS,<br><br>Defendants. | Case No. 3:14-cv-00962-CRB<br><br>**STIPULATED PROTECTIVE ORDER** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT COMMUNICATIONS, INC., formerly known as SPRINT NEXTEL CORPORATION; SPRINT PCS,<br><br>Defendant. | Case No. 3:14-cv-00962-CRB<br><br>STIPULATED PROTECTIVE ORDER |

Documents and information disclosed in this action are likely to include confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation is warranted. To prevent the inappropriate dissemination of such documents and information, the parties hereby agree to and petition the Court to enter the following Stipulated Protective Order.

## 1. **DEFINITIONS**

1.1    Challenging Party: A Party or Non-Party that challenges the designation of Protected Material or the withholding of Privileged Material under this Order.

1.2    CONFIDENTIAL Discovery Material: Discovery Material that the Designating Party believes, in good faith, constitutes, contains, reflects, or discloses proprietary or otherwise private information that is not generally known to its competitors or the general public and that the Designating Party would not normally disclose to such in the ordinary course of business.

1.3    Counsel (without qualifier): Outside Counsel and House Counsel.

1.4    Designating Party: A Party or Non-Party that designates Discovery Material as CONFIDENTIAL.

1.5    Discovery Material: All items, documents, testimony, transcripts, communications, and information (electronic or otherwise)—regardless of the medium and manner in which they are generated, stored, maintained, transferred, and produced—that are disclosed by or to any party

during the course of this matter, including (without limitation) the discovery process, settlement discussions, motions practice, hearings, trial, and appeals. Discovery Material includes all copies, compilations, excerpts, summaries, extractions, and derivations of the above.

  1.6 <u>Expert</u>: A person with specialized knowledge or experience who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

  1.7 <u>Final Disposition</u>: The later of (a) the dismissal of all claims in this action with prejudice, and (b) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or other reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

  1.8 <u>House Counsel</u>: Attorneys employed by a Party who are not Outside Counsel.

  1.9 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity that is not a Party.

  1.10 <u>Outside Counsel</u>: Attorneys retained by a Party to provide representation or advice related to this action, including all attorneys that appear on the docket as representatives of a Party and all attorneys affiliated with any law firm that has entered an appearance in this action on behalf of a Party. Assistant United States Attorneys and United States Department of Justice Trial Attorneys assigned to represent the United States in this action are Outside Counsel.

  1.11 <u>Party</u>: Any party named in this matter and all of its affiliates, agents, subsidiaries, officers, directors, employees, consultants, and others over which it has control. The Federal Communications Commission and all federal agencies on whose behalf the United States brings this action are considered Parties to this action for purposes of this Protective Order: Drug Enforcement Agency, Federal Bureau of Investigation, United States Marshals Service, Bureau of Alcohol, Tobacco and Firearms, Immigration and Customs Enforcement, and United States Secret Service.

  1.12 <u>Privileged Material</u>: Any Discovery Material that is subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or immunity from disclosure.

  1.13 <u>Producing Party</u>: A Party or Non-Party that produces Discovery Material in connection with this matter.

1.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their Support Staff.

1.15 <u>Protected Material</u>: Any Discovery Material that is designated or could be designated as CONFIDENTIAL.

1.16 <u>Receiving Party</u>: a Party or Non-Party that receives Discovery Material from a Producing Party.

1.17 <u>Support Staff</u>: employees, consultants, and subcontractors employed by a Party, Counsel, Professional Vendor, or Expert to assist them in their work on this matter.

## 2. SCOPE AND DURATION

This Order governs the handling, use, disclosure, dissemination, retention, and destruction of all Discovery Material created or disclosed in connection with this matter. This Order applies to the exchange of information in connection with the settlement conference scheduled for January 7, 2015 as well as in any formal discovery conducted thereafter.

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, communications, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order <u>do not</u> cover (a) information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order; and (b) information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

This Order, including all its protections and obligations, is effective upon the date it is entered by the Court and remains in effect until Final Disposition. Even after Final Disposition, the protections and obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court shall retain jurisdiction over the Parties for enforcement of the provisions of this Order even after Final Disposition.

3. **DESIGNATIONS OF PROTECTED MATERIAL**

  3.1 <u>Exercise of Restraint and Care in Designating</u>: Each Designating Party must take care to limit its designations to only those Discovery Materials that qualify as CONFIDENTIAL. Parties may designate as CONFIDENTIAL the entirety of any document containing confidential information rather than redacting or labeling the specific confidential information.

  3.2 <u>Timing of Designations</u>: Except as otherwise provided in this Order or agreed to by the Receiving Party, Discovery Material that qualifies for protection under this Order must be clearly designated as such before it is disclosed or produced.

  3.3 <u>Manner of Designation</u>:

   (a) For documents produced by the Designating Party in hardcopy, pdf, or tiff format, the Designating Party must stamp/affix the word "CONFIDENTIAL" to each page that contains Protected Material.

   (b) For documents produced by a Party other than the Designating Party, within 30 days after a Party receives the documents, any other Party may designate in writing some or all such materials as CONFIDENTIAL. This designation shall be made by providing all Parties with a list of the materials that are CONFIDENTIAL. Upon receiving such a designation list, all Parties in possession of such materials will label and treat them according to the designation.

   (c) For original documents, materials, or items made available for inspection, the Producing Party need not make designations until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all documents, materials, and items made available for inspection shall be deemed CONFIDENTIAL. Any materials that the inspecting Party requests be copied and produced must be designated at the time of production in accordance with Section 3.3(a).

   (d) For depositions and other pre-trial testimony, the Designating Party must designate the Protected Materials CONFIDENTIAL by a statement on the record at the time of the disclosure or at the end of the deposition/hearing or by written notice sent to all Outside Counsel and the court reporter within 30 days of receipt of the transcript of the deposition or hearing, unless all Parties present at the deposition/hearing agree to an extension of this time period. Designations by

written notice must specify the pages of the transcript that contain Protected Material. All transcripts shall be considered CONFIDENTIAL during the 30-day designation period (plus any agreed extensions). The court reporter or Receiving Party shall stamp/affix the word "CONFIDENTIAL" to the front page of all copies of transcripts that contain Protected Material.

(e) For written discovery responses, the Designating Party must stamp/affix the word "CONFIDENTIAL" to the front or cover page of the response and highlight the sections of any responses that contain Protected Material.

(f) For electronically stored information, the Designating Party must stamp/affix the word "CONFIDENTIAL" to the disc, drive, or other media containing the Protected Material. Any Party that reduces such Protected Material to physical form (*e.g.*, by printing) shall stamp/affix the word "CONFIDENTIAL" to each page of the physical document.

(g) For tangible items, the Producing Party must affix in a prominent place on the exterior of the item or container holding the item the word "CONFIDENTIAL."

3.4 <u>Improper Designations</u>: If it comes to a Designating Party's attention that information or items it designated as CONFIDENTIAL do not qualify for that designation, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation. Before any Party may move for sanctions based on an improper designation (including an improper privilege designation), it must notify the Designating Party of the designation at issue and give the Designating Party a reasonable opportunity to withdraw the designation in accordance with Section 3.5.

3.5 <u>Designation Challenges</u>: Any Party may challenge a designation. Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation by not mounting the challenge promptly after the designation is disclosed. The Challenging Party must initiate its challenge by providing written notice to the Designating Party, which identifies the challenged designation, describes the basis for the challenge, and explicitly cites this section of this Order. The Designating Party has seven (7) days from receipt of the notice to voluntarily withdraw the designation in accordance with Section 3.4. If the Designating Party does

not withdraw the designation within that time, the parties shall meet and confer via voice-to-voice dialogue regarding the challenged designation. If the meet and confer does not resolve the challenge (or the Designating Party refuses to meet and confer), the Challenging Party may file and serve a motion challenging the designation at any time. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Throughout the challenge process, all Parties must continue to afford the Discovery Material at issue the level of confidentiality protection to which it is entitled under the Designating Party's designation, unless the court orders otherwise.

      3.6     Designations Not Evidence: Neither the designation of any Discovery Material as CONFIDENTIAL nor the failure to make such designation shall constitute evidence with respect to any issue, claim, or defense in this matter.

## 4. ACCESS TO AND USE OF PROTECTED MATERIAL

      4.1     Basic Principles. A Receiving Party may use Discovery Material disclosed in connection with this matter only for prosecuting, defending, or attempting to settle this matter. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to only those persons authorized under this Order.

      4.2     Disclosure of CONFIDENTIAL Discovery Material: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Discovery Material designated CONFIDENTIAL *only* to:

          (a) Outside Counsel for the Parties and their Support Staff;

          (b) House Counsel for the Parties and their Support Staff;

          (c) Officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and their Support Staff;

(d) Experts and their Support Staff who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A);

(e) The Court and its personnel, including all court reporters and videographers;

(f) Professional Vendors, professional jury or trial consultants, mock jurors and their Support Staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A);

(g) Any insurer of any Party or Counsel to whom disclosure is contractually required;

(h) Actual or potential fact witnesses to whom disclosure is reasonably necessary for purposes of investigating claims and defenses or preparing for testimony at trial or in deposition and who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A);

(i) Any author, custodian, or recipient of the Protected Material and other such persons who already possessed or knew the confidential information contained therein; and

(j) Any agency or department of the United States, or division thereof, which has signed the "Acknowledgement and Agreement to Be Bound" (Appendix A), where the disclosure related to a potential violation of a law or regulation within the jurisdiction of that agency or department, or division thereof.

4.3 <u>Acknowledgement and Agreement to Be Bound</u>: Counsel who provides access to or discloses Protected Material to any individual who must sign the "Acknowledgement and Agreement to Be Bound" (Appendix A) shall retain a signed copy of the Acknowledgement in their records until Final Disposition and shall furnish a copy of the Acknowledgement to the Designating Party upon written request.

4.4 <u>Filing Protected Material</u>: Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this matter. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

    4.5    <u>Party's Own Discovery Material</u>: Nothing in this Order shall in any way limit a Party's use or disclosure of its own Discovery Material.

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

If a Party is served with a subpoena, court order, congressional request, request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, or other demand for Protected Material, that Party must: (a) promptly notify in writing the Designating Party of such demand and supply the Designating Party with a copy of the demand; (b) promptly notify in writing the entity who caused the subpoena, order, or demand to issue that some or all of the material requested is subject to this Order; and (c) take reasonable measures to protect the interests of the Designating Party, including objecting to the demand on the basis of this Order and withholding production while such objection is pending. Reasonable measures shall not require a Party to subject itself to a contempt citation or similar penalty. The Designating Party shall bear the expense of seeking protection of its Protected Material.

## 6. NON-PARTY DISCOVERY MATERIAL

    6.1    <u>Designation of Non-Party Discovery Material by a Non-Party</u>: The terms of this Order are applicable to information produced by a Non-Party. Any Non-Party who will disclose Discovery Material in connection with this matter may agree to be bound by this Order by signing the "Acknowledgment and Agreement to Be Bound" (Appendix A). Once a Non-Party has signed the "Acknowledgement and Agreement to Be Bound," it may designate Protected Materials as if it were a Party in accordance with Section 3.

    6.2    <u>Requests for Non-Party Discovery</u>: When requesting the disclosure of any information or documents from a Non-Party in connection with this matter (whether by formal process or voluntary cooperation), a Party must furnish a copy of this Order to the Non-Party and

provide the Non-Party with a reasonable opportunity to sign the "Acknowledgement and Agreement to Be Bound" (Appendix A) and designate Protected Material.

   6.3  <u>Designation of Non-Party Discovery Material by a Party</u>:  Within 30 days after a Party receives documents or information disclosed by a Non-Party in connection with this matter, said Party may designate in writing some or all such materials as CONFIDENTIAL.  This designation shall be made by providing all Parties with a list of the materials that are CONFIDENTIAL.  Upon receiving such a designation list, all Parties in possession of such materials will label and treat them according to the designation.

   6.4  <u>Production of Non-Party Protected Material</u>:  In the event that a Party is requested to produce in this action or any subsequent action any Protected Material or other information it reasonably believes to be confidential that it received from a Non-Party ("Non-Party Protected Material"), the Party shall promptly notify the Non-Party of the request.  Such notice shall be in writing and shall include a copy of this Order and the relevant production requests.  The Party shall send a copy of this notice to the entity requesting the Non-Party Protected Material.  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice, the Party shall produce the requested Non-Party Protected Material.  If the Non-Party timely moves for a protective order, the Receiving Party shall not produce the Non-Party Protected Material until the confidentiality issue is resolved.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Non-Party Protected Material.

## 7.  EXPERT MATERIALS

   7.1  <u>Expert Materials Protected from Disclosure</u>:  Parties, Counsel, and Experts shall not be required to disclose or produce in discovery or at trial any of the following:

    (a)  Drafts of expert reports, regardless of whether such drafts have been disclosed to the retaining Party's House Counsel, Outside Counsel, or other Experts.

    (b)  Notes, manuscripts, papers, and all other unpublished documents and materials prepared by the Expert or his/her Support Staff regardless of whether such drafts have

been disclosed to the retaining Party's House Counsel, Outside Counsel, or other Experts, unless relied upon as a basis for the Expert's opinions.

        (c)    Documents or communications constituting or reflecting oral or written communications among the Expert, the retaining Party and its Counsel, and their respective Support Staffs, unless relied upon as a basis for the Expert's opinions.

The descriptions of protected materials in this section are intended to be broadly construed.

    7.2    <u>Retention of Expert Materials</u>: Experts, Parties, Counsel, and their Support Staffs need not preserve and are free to destroy any of the materials listed in Section 7.1.

## 8. INADVERTENT AND UNAUTHORIZED DISCLOSURES

    8.1    <u>Inadvertent Disclosure of Privileged Material</u>: The Parties recognize that this matter involves the production of a significant amount of Discovery Material and that, as a result, inadvertent disclosures of Privileged Material may occur despite the Parties' best efforts to avoid such disclosures. If timely corrected, the inadvertent disclosure of Privileged Material does not waive any applicable privilege or immunity or otherwise preclude the Producing Party from asserting such privilege or immunity. A disclosure of Privileged Material shall be deemed inadvertent unless a Receiving Party demonstrates that the disclosure was the result of gross negligence by the Producing Party (excluding the Producing Party's Professional Vendors). An inadvertent disclosure of Privileged Material shall be deemed timely corrected if the Producing Party notifies all Receiving Parties of the inadvertent disclosure in writing promptly after identifying it. Upon timely correction of an inadvertent production of Privileged Material, each Receiving Party must make reasonable efforts to retrieve any copies of the Privileged Material it disclosed to third parties and to assure that all copies of the Privileged Material are destroyed or returned to the Producing Party within fifteen (15) days.

    8.2    <u>Inadvertent Failure to Designate Protected Material</u>: The Parties recognize that this matter involves the production of a significant amount of Discovery Material and that inadvertent failures to designate Discovery Material as Protected Material may occur despite the Parties' best efforts to avoid such failures. If timely corrected, an inadvertent failure to designate Discovery Material as Protected Material does not waive the Designating Party's right to secure protection

under this Order for such material. An inadvertent failure to designate shall be deemed timely corrected if the Designating Party notifies all Receiving Parties of the inadvertent failure to designate within ten (10) days of identifying the failure. Upon timely correction of a designation, all Receiving Parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. In moving for an Order denying a confidentiality designation, the Challenging Party may not assert a waiver argument on the grounds that there was an inadvertent failure to designate, nor may the Challenging Party invoke the fact of or circumstances surrounding an inadvertent failure to designate or the identification and correction of that failure. For example, a Challenging Party may not cite as evidence the number of inadvertent failures to designate that have occurred or the length of time it took the Producing Party to identify a particular failure to designate.

8.3 <u>Unauthorized Disclosure of Protected Material</u>: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and prevent any further improper disclosure of such material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Appendix A).

9. **WITHHELD AND REDACTED DISCOVERY MATERIAL**

9.1 <u>Discovery Material Withheld in Full</u>: All responsive Discovery Material that a Producing Party withholds from disclosure in full for any reason must be listed in a privilege log supplied to the Receiving Party, with the exception of communications involving outside counsel, which need not be preserved, collected, reviewed, or logged as part of the discovery process in this litigation.

9.2 <u>Discovery Material Produced with Redactions</u>: All responsive Discovery Material produced with redactions resulting from a claim of privilege of any kind must be listed in a privilege log supplied to the Receiving Party. Discovery Material that is produced with small

redactions solely to prevent the disclosure of non-responsive personal, financial, or medical information need not be listed in a privilege log.

9.3 Privilege Log Standards: Each document withheld in full or redacted on the basis of a claim of privilege must have a unique numbered entry in the privilege log. For purposes of the privilege log, email chains may be logged under a single entry using the information only from the most recent email in the chain (*i.e.*, earlier emails in the chain need not be logged); however, the log entry must make clear that the document is an email chain, not a single email. Each privilege log entry must include, to the extent the information exists and is known: (a) the author of the document; (b) the custodian in whose files the document was found; (c) all recipients of the document; (d) the date on which the document was created, sent, or last modified; (e) whether the document is an email, email chain, attachment, or standalone document; (f) the privilege asserted over the document; (g) whether the document is redacted or withheld in full; and (h) a short description of the basis for the privilege asserted.

9.4 Right to Revisit Privilege Log Standards in the Future: In light of the unknown burden of future discovery requests, the privilege log requirements may be modified in the future by mutual written consent of the Parties without formal amendment to this Protective Order. If, after receiving a future discovery request, the Producing Party believes that the current privilege log requirements will be unduly burdensome, but the Parties cannot reach agreement on a modification, the Producing Party may move the Court for a modified set of requirements.

**10. RETURN OR DESTRUCTION OF PROTECTED MATERIAL**

Within 60 days after Final Disposition, each Receiving Party must destroy all Protected Material or return such material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. If requested in writing by the Producing Party, the Receiving Party must timely submit a written certification to the Producing Party affirming that all Protected Material in the Receiving Party's possession has been destroyed or returned to the Producing Party. Notwithstanding this provision, all Counsel are entitled to retain an unredacted archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal

memoranda; correspondence; deposition, hearing, and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material, and Counsel for the United States are entitled to retain an unredacted archival copy of any other Protected Material as may be required by the Federal Records Act, 44 U.S.C. § 3101, *et seq.* Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order after Final Disposition.

**11. MISCELLANEOUS**

11.1 Right to Assert Other Objections: By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.2 Agreement to Email Service: All Parties in this matter agree to receive and accept service by email of all discovery requests and responses, correspondence, and other papers that require service but that are not served on all Parties automatically by the Court's ECF system. Service by email is complete once the relevant papers have been sent via email to counsel of record for all Parties in pdf (or similar) format.

11.3 Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 11/7/14    _____
Attorneys for Plaintiff

DATED: 11/7/14    _____
Attorneys for Defendants

-13-

## APPENDIX A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the foregoing Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of United States of America v. Sprint Communications, Inc. et al. I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Signature: _____

Name (printed): _____

Address: _____

_____

# **PROTECTIVE ORDER**

The Court, having read the foregoing Stipulated Protective Order and finding good cause therefore, hereby approves and adopts the Stipulated Protective Order as set forth above.

**IT IS SO ORDERED.**

DATED:  November _____, 2014          BY: _____
                                                                        Hon. Charles R. Breyer
                                                                        United States District Judge

**ATTESTATION UNDER U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, CIVIL LOCAL RULE 5-1**

I attest that I have the authorization of all counsel identified herein to submit this Stipulated Protective Order.

By: /s/ Edward C. Barnidge
Edward C. Barnidge (*pro hac vice*)

Attorney for Defendants
Sprint Communications, Inc. and
Sprint Spectrum L.P., d/b/a Sprint PCS