| | |
|---|---|
| Edward C. Barnidge (pro hac vice)<br>ebarnidge@wc.com<br>Benjamin M. Stoll (pro hac vice)<br>bstoll@wc.com<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Telephone:  202.434.5000<br>Facsimile:  202.434.5029<br><br>David F. Taylor (Bar No. 129654)<br>dftaylor@perkinscoie.com<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br><br>Joshua A. Reiten (Bar No. 238985)<br>jreiten@perkinscoie.com<br>PERKINS COIE LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111<br>Telephone: 415.344.7000<br>Facsimile: 415.344.7050<br><br>*Attorneys for Defendants* | Melinda Haag (CSBN 132612)<br>United States Attorney<br><br>Alex G. Tse (CSBN 152348)<br>Chief, Civil Division<br><br>Steven J. Saltiel (CSBN 202292)<br>steven.saltiel@usdoj.gov<br>Kimberly Friday (MABN 660544)<br>kimberly.friday@usdoj.gov<br>Assistant United States Attorneys<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, CA 94102-3495<br>Telephone:  415.436.6996<br>Facsimile:  415.436.6748<br><br>*Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT COMMUNICATIONS, INC., formerly known as SPRINT NEXTEL CORPORATION; SPRINT PCS,<br><br>Defendants. | Case No. 3:14-cv-00962-CRB<br><br>**STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT COMMUNICATIONS, INC., formerly known as SPRINT NEXTEL CORPORATION; SPRINT PCS,<br><br>Defendant. | Case No. 3:14-cv-00962-CRB<br><br>STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

**1.  PURPOSE**

This Stipulated Order Regarding Discovery of Electronically Stored Information ("Stipulation") between Plaintiff United States of America and Defendants Sprint Communications, Inc. and Sprint Spectrum L.P. d/b/a Sprint PCS will govern discovery of electronically stored information ("ESI") in connection with both the settlement conference scheduled for January 7, 2015 and any formal discovery thereafter. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout this matter consistent with the applicable guidelines, rules, and orders.

**2.  LIAISON**

Each party will identify at least one e-discovery "liaison" who is knowledgeable about and responsible for discussing the party's ESI with the opposing party's liaison. Each liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on these liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**3.  PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the

costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a.    Only ESI created or received between January 1, 2006 and December 31, 2010 will be preserved.

    b.    The parties agree that the following forms of ESI will not be preserved in connection with this matter: (1) digital voicemail or any type of telephone voice recording, (2) instant messaging, (3) automatically saved versions of documents, (4) disaster recovery back-up tapes, (5) deleted or partially deleted files, and (6) any documents created through or existing on social media such as Facebook and LinkedIn.

    c.    Communications involving outside counsel (as defined in the Stipulated Protective Order) need not be collected, reviewed, or preserved in connection with this matter. Such communications need not be logged.

    d.    Each party will prepare a list of the custodians within its control for whom it believes ESI and other documents should reasonably be preserved in connection with this matter. The parties will exchange these lists and will meet and confer to reach an agreement on the custodians from both parties for whom ESI will be preserved ("Custodian Agreement"). In recognition of the fact that discovery is in its initial stages, the parties agree to allow reasonable supplementation of the Custodian Agreement with additional custodians until such time as the parties agree in writing that the Custodian Agreement is final.

**4.**     **IDENTIFICATION**

The parties agree that they will identify documents responsive to each other's discovery requests that are propounded after the date the Court "so orders" this Stipulation using the following methodology:

    a.    Only documents and ESI preserved for the agreed-upon custodians will be searched and reviewed for responsive documents.

    b.    The parties will meet and confer to agree upon a date range for each custodian. Only documents and ESI that were sent or last modified within the agreed-upon date ranges will be searched and reviewed for responsive documents.

c.  The parties will meet and confer to agree upon a list of search terms that each party will be run on the ESI preserved for its custodians ("Search Terms Agreement"). These search terms will be run to further limit the amount of ESI that needs to be reviewed for responsive documents. The parties agree that use of these search terms will satisfy the parties' obligations to identify and produce ESI. In recognition of the fact that discovery is in its initial stages, the parties agree to allow reasonable supplementation of the Search Terms Agreement with additional search terms until such time as the parties agree in writing that the Search Terms Agreement is final.

d.  Each party will review all ESI containing the agreed-upon search terms and all hardcopies preserved for the agreed-upon custodians to identify responsive documents.

5. **PRODUCTION**

The parties agree to produce documents in TIFF format and to provide extracted (or OCR) text and metadata for each document. The parties agree to produce at least the following metadata for each document to the extent it exists:

a.  Author,
b.  Custodian(s)
c.  Date Created
d.  Date Last Modified / Date Sent (for email)
e.  To (for email)
f.  From (for email)
g.  cc / bcc (for email)
h.  Subject (for email)
i.  Document Bates Begin
j.  Document Bates End
k.  Document Family Bates Begin
l.  Document Family Bates End
m.  File Name
n.  Document Type

3

1     Spreadsheets, databases, audio files, and video files shall be produced in native format instead of or in addition to TIFF format. The parties agree to produce a single page TIFF "placeholder" branded with a bates number and any confidentiality language for any file produced in native format instead of TIFF format. Requests for the production of files in native format must be made in writing on a document-by-document basis. The written request must identify the document requested and explain why production in native format is desirable. The requesting party must give the producing party a reasonable amount of time (at least two weeks) to produce the requested document in native format. The parties may not seek to compel production of files in native format on a wholesale or otherwise unreasonable basis. The parties agree not to degrade the searchability of documents produced in native format prior to or during the production process.

### 6. PHASING

The parties shall meet and confer to reach an agreement on reasonable deadlines and prioritization for the production of documents.

### 7. DOCUMENTS PROTECTED FROM DISCLOSURE

The parties understand that nothing in this Stipulation shall modify or limit any party's right or ability to withhold from disclosure documents requested in this matter based on a claim of privilege. The handling of withheld and redacted privileged materials is governed by Section 9 of the Stipulated Protective Order in this matter. The handling of inadvertently produced privileged materials is governed by Section 8 of the Stipulated Protective Order in this matter.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 11/7/14          _____
                                                                        Attorneys for Plaintiff

DATED: 11/7/14          _____
                                                                        Attorneys for Defendants

**ORDER**

The Court, having read the foregoing Stipulated Order Regarding Discovery of Electronically Stored Information and finding good cause therefore, hereby approves and adopts the Stipulated Order Regarding Discovery of Electronically Stored Information as set forth above.

**IT IS SO ORDERED.**

DATED:  November _____, 2014          BY:  _____
                                            Hon. Charles R. Breyer
                                            United States District Judge

**ATTESTATION UNDER U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, CIVIL LOCAL RULE 5-1**

I attest that I have the authorization of all counsel identified herein to submit this Stipulated Order Regarding Discovery of Electronically Stored Information.

By:   */s/ Edward C. Barnidge*
      Edward C. Barnidge (*pro hac vice*)

      Attorney for Defendants
      Sprint Communications, Inc. and
      Sprint Spectrum L.P., d/b/a Sprint PCS